### R. A. MILFORD AND W. SPELLMAN V. JAY. J. PERRY, SHERIFF, ETC.

HABEAS CORPUS WILL NOT LIE FOR PURPOSES OF RE-TRIAL.
  A judge having jurisdiction to issue the writ of *habeas corpus*, cannot issue it at his own will and thereby review with new testimony, the decision of the judge before whom a warrant in an extradition proceeding is returned and the parties therein named held in custody for the agents of the state from which they are fugitives from justice.

KING, J.

This is an application on the part of Robert A. Milford and William Spellman to the judges of the circuit court of Erie county for a writ of *habeas corpus*.

The petitioners set forth that they are imprisoned by the sheriff of Erie county and confined in jail, illegally; that said imprisonment is under an order of commitment made by the Hon. Linn W. Hull, one of the judges of the court of common pleas of Erie county, a copy of which order is attached to the application. They further aver that that order was made upon a warrant issued by the governor of Ohio upon a demand on him made by the governor of Michigan for the apprehension and arrest of Charles Russell and Herman Finkle, alias Larry, as fugitives from justice from the state of Michigan, setting forth that an affidavit had been filed in Kalamazoo county, Michigan, charging Russell and Finkle, alias Larry with the crime known to the statutes of Michigan as bank robbery. That said Russell and Finkle, alias Larry, after the commission of the off·nse, fled from the state of Michigan and took refuge in the state of Ohio, and were at the time said demand was made and warrant issued, fugitives from justice. And the petitioners aver that they are not the persons named in said affidavit, demand of the governor of the state of Michigan, and warrant of the governor of the state of Ohio, that they are not fugitives from justice and have never been in the state of Michigan. They further allege that their imprisonment is illegal for the reason that the said Hon. Linn W. Hull had no jurisdiction over the said persons or bodies at the time said order was made and no jurisdiction to hear and determine whether or not these petitioners are the persons named in the pretended warrant of the governor of the state of Ohio, and said order under which these petitioners are so wrongfully held and imprisoned is void and of no effect, and ask that the writ issue.

The order, set forth by copy, upon which they are so imprisoned, recites that Charles Russell and William Spellman, alias Herman Finkle, alias Larry were brought before said judge on January 17, 1899, under

and by virtue of a warrant to the sheriff issued and delivered by the governor of Ohio reciting that a requisition had been made upon him by the governor of Michigan for the surrender of the bodies of said Russell and Spellman, fugitives from justice of said state of Michigan, charged with the crime of bank robbery, as appears by a copy of the indictment, complaint and warrant, which is duly certified as authentic and to have been filed in the executive department of the state of Ohio, commanding said sheriff forthwith to arrest said Russell and Spellman and bring them before any judge of the court of common pleas in whose district or jurisdiction such persons so charged may be found. And it appearing that they have been duly arrested, as this order proceeds to state, to-wit, on January 14, 1899, and are now in the custody of the sheriff under an order made in another cause, hereto attached, marked "A," and said warrants having been served by the sheriff and the contents thereof read to said parties the parties were again arrested at 1:18 P. M. and on said day and date first above written, it was ordered that the parties be kept in custody thereof until a later date; and on January 18th, it appears from the entry the sheriff again brought the said parties before said judge who proceeded to hear and examine into said charges against said Russell and Spellman, and upon proof being made in said hearing and examination it was adjudged sufficient to justify and require the same to be done, no evidence whatever being offered by said parties alleged fugitives from justice, or either of them in their own behalf, it is ordered that said Russell and Spellman be committed to the jail of this county there to be kept in the custody of the sheriff of said county until Saturday, January 21, 1899, at one o'clock P. M. and that due notice be given to the agent of the state of Michigan.

That is the order which the plaintiffs allege was made and under which they are now held and deprived of their liberty.

The provisions for the extradition of criminals in the state of Ohio undertaking to follow the provisions made by the congress of the United States and to provide the details for carrying out that law, are not presumed to be in conflict with it, but only in aid of it; and those statutes in Ohio provide that upon a warrant being issued to the sheriff of a county by the governor of the state under such proceedings, he is commanded to arrest and bring the person before a judge of the Supreme Court, or the circuit court or the common pleas court, to be examined on the charge, and upon the return of the warrant by the sheriff with the person so charged in custody, the judge before whom the person so arrested is brought, and to whom the warrant is returned shall proceed to hear and examine such charge, and upon proof made upon such examination by him adjudged to be sufficient, shall commit said person to jail in the county in which such examination is so had, for such time as the judge fixes, to be turned over to the agent of the apprehending state. This petition sets forth that these men were arrested upon a warrant issued by the governor of the state and that the warrant issued by the governor of the state was issued upon demand made to him by the governor of Michigan for the apprehension and arrest of these men as fugitives from justice, and setting forth that an affidavit had been filed in Kalamazoo county, Michigan, charging the persons named in the application to the governor with the crime known as bank robbery in Michigan, and that the persons named therein, after having committed the offense described therein, had fled and taken refuge in the state of Ohio. Having set that forth and having set forth the order that the judge has

made before whom the sheriff was required to and did bring these men, this application proceeds to say that they are not the persons named in the affidavit, in the demand upon the governor of Michigan, nor in the warrant of the governor of Ohio, and that the judge before whom they were brought had no jurisdiction over their persons. So far as that ground is concerned, the application sets forth that he is a judge of the court of common pleas of that county, and the statute provides that the arresting officer shall bring the person so arrested before a judge of the court of common pleas of that county. I think he was the proper person before whom these men should be brought and was the proper person to give such hearing as the statute provides in this case, and if an order was found necessary to be made, he was the proper judicial officer to make that order, and the order in question then was made by one who had the jurisdiction to make it; and the order is set forth in full, and it sets forth particularly that these men were brought before him and that proof was adduced before him, and that it was sufficient, and in the language of the statute, it was adjudged sufficient, and thereupon he did as the statute ordered him to do and committed them to the jail of the county.

Section 5726, Rev. Stat., provides that "A person unlawfully restrained of his liberty, * * * may prosecute a writ of *habeas corpus*, to inquire into the cause of such imprisonment, restraint or deprivation."

Section 5729 Rev. Stat., provides: "If it appear that the person alleged to be restrained of his liberty, is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment or make the order, the writ shall not be allowed; or, if the jurisdiction appear after the writ is allowed, the person shall not be, discharged by reason of any informality or defect in the process, judgment or order."

A number of decisions are cited under this section of the statute to show that when jurisdiction is established, *habeas corpus* will not lie. There are several cases in Ohio that have been before the Supreme Court, but they do not determine the question and the only one that is raised here—and that is, Whether *habeas corpus* will lie for the purpose of retrial upon evidence offered by the parties to the proceeding, the question which the statute I have read from—sec. 97—commits to the decision of the judge of the supreme, circuit or common pleas court of the state. The statute in relation to *habeas corpus* provides that the writ may be granted by the Supreme Court, the circuit court and the common pleas court or the probate court, or by a judge of either. I have said that the question of jurisdiction is practically determined against these applicants by the application itself; it shows jurisdiction; so that the only other allegation contained in their application is an allegation of fact, to-wit, that they are not the persons named in these proceedings at the various stages of them; that they are not only not the persons named therein, but they are not fugitives from justice and have never been in the state of Michigan. These constitute perhaps two allegations; for, if they were the persons and yet were not fugitives from justice they would not be subject to extradition; and if they are not the persons, then regardless of whether they be fugitives from justice or not, they are not subject to extradition in these proceedings. That question is a question which we think the legislature of the state of Ohio has submitted to the judge of the court before whom this warrant is returnable, in the first instance.

The case of *Ex parte* Sheldon, 34 O. S., 319 is one where the parties, by agreement, submitted the evidence that had been taken in the proceeding under sec. 97, under an attempt to take a bill of exceptions, which the court held, in another case, they could not take; and by agreement of counsel and consent of the court, the Supreme Court heard the case upon that testimony so set forth, and they review it to some extent; but they do not decide and determine the question which lies here, Whether a judge having jurisdiction to issue the writ of *habeas corpus* may issue it at his own sweet will and thereby review the decision of a judge before whom this warrant is returne, not upon the testimony heard by that judge but upon testimony such as the parties may see fit to offer in that proceeding? and after a very careful consideration of that question, we have come to the unanimous conclusion that that can not be done. It would be a strange anomaly in the administration of justice if it could be—if this warrant could be returned to a judge of the court of common pleas or of the circuit court, and he, after hearing the evidence which the statute provides he must hear and determining questions which he must determine, and some of which are, Whether the persons named in the affidavit are the persons before him, and whether they have fled from justice: After this is determined that it were possible that a probate judge, or a judge of any of these other courts could take that case directly out of his hands, or take it after he had decided it and hear different evidence, or any evidence that the parties saw fit to bring, and set aside that order or judgment. It is a curious conflict of jurisdiction as it seems to us and one that is not intended by the statute in relation to *habeas corpus:* and the Supreme Court have not decided that they could do any such thing, so far and we are content to wait until they do so decide before we lay down any law, to that effect.

There is no doubt that a proceeding before a judge under this statute—97—may be now reviewed on error. It was held in *Ex parte* Sheldon, *supra*, that it was not reviewable on error, but the statute of 1898, vol. 93, page 255, gives a right to review it on error. To what extent that review may go, it is not necessary to decide here; how much of the record may go up, or what the court may examine, but certainly it can examine everything that goes upon the record after the record begins to be made—after they begin to make a record in the state of Ohio, and all papers that come here certainly belong to the record and they are a part of what is necessary for the movement of this writ from its source to the time it is served. Whether the oral testimony can be put into the record, is a question I need not now determine, but all those things that come upon the record may be reviewed by a court above that of the judge who makes the order, but we are satisfied that it would not be a just construction of these statutes to hold that any judge of this court shall have the power to issue a writ reviewing with new testimony, the action of a judge of any other court who has made this order. This order sets forth fully all the facts necessary to give him jurisdiction, all the facts necessary to show authority in the sheriff to hold these men and necessary to show the right to make this order to turn these men over to the agent of the state of Michigan, and until it is reversed, we will presume it to have been properly made, and we therefore hold that the writ of *habeas corpus* must be refused upon this application.

Counsel for Robert A. Milford and for William Spellman entered a formal exception to the decision of the court for each of the plaintiffs respectively.

*Messrs. Mills & Reed,* and *F. P. Colver,* for plaintiffs.

*W. B. Starbird, Esq.,* for respondent.